IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROCKY MOUNTAIN BIOLOGICALS, INC., a Montana Corporation, | CV 17–129–M–DWM |
| Plaintiff, | ORDER |
| vs. | |
| JAMES D. TITUS, | |
| Defendant. | |

In August 2017, Plaintiff Rocky Mountain Biologicals, Inc. ("Rocky

Mountain") sued its former Director of Sales James Titus ("Titus") in the Montana

Fourth Judicial District Court, Missoula County. (*See* Mont. Compl., Doc. 10.)

Rocky Mountain sought declaratory relief as to whether Titus was terminated for

"cause" or resigned with "good reason" under the terms of the parties'

Employment Agreement and whether he was entitled to severance pay or other

benefits under that Agreement. (*Id.*) On September 18, 2017, Titus timely

removed the action to this Court. (Doc. 1.) Now, Titus insists the matter should

be dismissed in light of an earlier-filed action in New Hampshire state court, (Doc.

3), and Rocky Mountain insists the matter should be heard in the Montana state

1

court in which it was originally filed, (Doc. 6).  Argument was heard on both

motions on November 16, 2017.

Once a court has satisfied itself, as here, that it has jurisdiction, *see* 28

U.S.C. § 1332, it "must also be satisfied that entertaining the action is

appropriate,"[1] *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222–23 (9th

Cir. 1998) (en banc).   The Supreme Court's list of non-exclusive *Brillhart*[2] factors

"remain the philosophic touchstone" guiding such a determination.  *Id.* at 1225.

The factors are: "(1) the district court should avoid needless determination of state

law issues; (2) it should discourage litigants from filing declaratory actions as a

means of forum shopping; and (3) it should avoid duplicative litigation."  *Id.*

(citation omitted).  Essentially, courts "must balance concerns of judicial

administration, comity, and fairness to the litigants."  *Chamberlain v. Allstate, Ins.

Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991).  "If there are parallel state proceedings

involving the same issues and parties pending at the time the federal declaratory

action is filed, there is a presumption that the entire suit should be heard in state

---

[1]  While a court is not required to consider whether abstention is appropriate *sua sponte*, both parties have raised the issue here, making its consideration mandatory.  *Dizol*, 133 F.3d at 1225.

[2]  *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

court." *Dizol*, 133 F.3d at 1225. "The pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief. Nonetheless, federal courts should generally decline to entertain reactive declaratory actions." *Id.* (citation omitted).

Both parties agree that this action was properly removed, 28 U.S.C. § 1441, and that this Court has diversity jurisdiction, 28 U.S.C. § 1332. But, they ask the Court to decline to entertain the action, either in favor of a remand to the Montana court (Rocky Mountain) or dismissal in light of the earlier-filed New Hampshire state action (Titus). In the New Hampshire state action, Rocky Mountain has moved to dismiss for lack of personal jurisdiction. At oral argument, counsel indicated that matter is set for hearing before the New Hampshire court on December 1, 2017. Because the propriety of abstention and the application of the *Brillhart* factors heavily depends on whether the state action in New Hampshire will proceed to the merits, a temporary stay of this matter is appropriate.

Accordingly, IT IS ORDERED that Titus' motion (Doc. 3) is GRANTED in PART. This matter is stayed pending the New Hampshire court's personal jurisdiction determination. In the interim, the Court RESERVES ruling on the Titus' request for dismissal (Doc. 3) and Rocky Mountain's request for remand (Doc. 6).

IT IS FURTHER ORDERED that the parties shall provide written notification to this Court within ten (10) days of the New Hampshire court's decision, attaching a copy of that decision. If no such decision is reached by February 1, 2018, the parties shall file a status report indicating any further developments in the New Hampshire case and the Court will reconsider the propriety of its stay at that time. *See* Fed. R. Civ. P. 1 (requiring courts administer proceedings as to "secure the just, *speedy*, and inexpensive determination of every action and proceeding" (emphasis added)).

Dated this 16th day of November, 2017.

Donald W. Molloy, District Judge
United States District Court